## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MICHAEL A. VAN MATRE, an
individual,

            Plaintiff,

v.                                                    CIVIL  ACTION  NO.  3:10-1291

BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST, an
Employee Welfare Benefit Plan; and
DOES 1 through 10, inclusive,

            Defendants.

### MEMORANDUM OPINION AND ORDER

            Plaintiff Michael A. Van Matre filed this action on November 10, 2010, alleging a

violation of Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), of the Employee Retirement Income

Security Act (ERISA).  On January 12, 2011, Defendant Boilermaker-Blacksmith National Pension

Trust filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failing to state a claim upon which relief may be granted. [Doc. No. 6].  Plaintiff opposes the motion.

For the following reasons, the Court agrees with Defendant and **GRANTS** the motion to dismiss.

### I.
### FACTUAL AND
### PROCEDURAL HISTORY

            In his Complaint, Plaintiff states he received a letter dated December 29, 2006, from

Defendant entitled "Notice of Rights of Certain Eligible Participants to Apply for Retroactive Early

Retirement Pension Benefits."   The letter explained that, pursuant to the United States Supreme

Court's decision in *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739 (2004), retroactive early

retirement pension benefits may be available if certain conditions are met.  The letter described those conditions and provided that if an individual believes he or she qualifies for retroactive benefits, the individual should submit an application for benefits.  Believing he met the criteria in the letter, Plaintiff applied for retroactive benefits.

By letter dated July 2, 2009, Plaintiff's application was denied. *Letter from Richard Calcara, Executive Administrator, to Michael Van Matre* (July 2, 2009).  The letter addressed the *Heinz* decision, which held that "the anti-cutback provision flatly prohibits plans from attaching new conditions to benefits that an employee has already earned." 541 U.S. at 747.  The Supreme Court found this prohibition included "amendment[s] expanding the categories of postretirement employment that trigger suspension of payment of early retirement benefits already accrued." *Id*. at 741.

In the letter, Plaintiff was informed that the Board of Trustees determined that such a prohibited amendment occurred in 1999, when it expanded the definition of prohibited employment. *Letter from Calcara to Van Matre*, at 1.  Therefore, under guidance provided by the Internal Revenue Service (IRS), the Fund found it was required to pay retroactive retirement benefits to certain participants.  However, the letter explained that, "[u]nder federal law, a participant is not eligible to receive pension benefits until they have separated from service." *Id.* at 2.  The letter specifically stated the Plan adheres to this requirement in order to preserve its tax-qualified status.  Thus, "any Pension Plan participant *who did not separate from service or retire* was *not* a member

of the two groups to which the IRS required the Fund Office to pay retroactive benefits or to allow to retroactively elect to commence benefits under *Heinz*." *Id.* at 2 (italics original).

According to the letter, the employees to which retroactive benefits are payable include those who:

> (1) Retired before December 31, 2006, [and] began receiving pension benefits and whose benefits were suspended because of the 1999 amendment's expanded definition of prohibited employment, *or* (2) Separated from service before December 31, 2006, [and] applied to start receiving pension benefits and whose applications were denied because they were engaged in employment that was prohibited as a result of the 1999 amendment.  Participants in this group ("Group 1") were entitled to retroactive benefits because they had their pension benefits either denied or suspended by the Fund Office.

*Id.* at 1 (italics original).  The Trustees also granted retroactive benefits to those participants, categorized as "Group 2," who "after the date the 1999 amendment was adopted, *were eligible to receive benefits* under the Pension Plan, but did *not* apply for or start receiving pension benefits because they were engaged in employment which was defined as prohibited under the 1999 amendment." *Id.* at 2 (italics original).

In addition, the Trustees contemplated an amendment to the Plan which would allow retroactive early retirement benefits to third group of participants who were ineligible for *Heinz* benefits.  "Group 3" included those individuals who "were engaged in the type of employment that was prohibited by the 1999 amendment, did *not* retire or separate from service prior to December 31, 2006, but might have done so (because they met the age and service requirements) had they

know that the 1999 amendment was not valid." *Id.* (italics original).  At the time the Trustees were considering this amendment, a Notice was sent to participants, including participants in Group 3 because of the uncertainty of whether benefits would be payable to this Group.  Ultimately, however, the Trustees voted against amending the Plan because such retroactive pension benefits were not expressly approved by the IRS. *Id.* at 3.  In order to help ensure the financial stability of the Fund, the Trustees rejected granting discretionary benefits to Group 3.  Finding that Plaintiff fell within Group 3 because he "did not retire or separate from service prior to December 31, 2006," he was denied retroactive early retirement benefits.

Plaintiff appealed this decision and the matter was presented at a meeting of the Board of Trustees.  By letter dated January 26, 2010, Plaintiff's appeal was denied.  The denial letter provided that Plaintiff "did not qualify for relief under the IRS' guidance on *Heinz* because he did not separate from service any significant amount of time prior to filing a Pension Application." *Letter from Richard Calcara, Executive Administrator*, to *Attorneys Stuart Caldwell and Tom Rodd*, at 1 (Jan. 26, 2010).  In addition, the letter stated Plaintiff's claim was denied because he was seeking early retirement benefits on grounds not covered by the Plan "and the Trustees declined to exercise their discretion to amend the Plan document to provide such benefits." *Id.*  The letter then quoted several sections of the Plan covering eligibility for early retirement benefits and the suspension of benefits, and informed Plaintiff he had the right to bring a civil action pursuant to Section 502(a) of ERISA.

On November 10, 2010, Plaintiff filed his Complaint in this Court alleging he is entitled to receive *Heinz* benefits because he met the test set forth in the "Notice of Rights of Certain Eligible Participants to Apply for Retroactive Early Retirement Pension Benefits."  Plaintiff points out that the test set forth in the Notice contained no requirement a participant must retire by December 31, 2006, and he claims he was denied his rights and benefits under the Plan.  Therefore, Plaintiff requests *inter alia* that he be awarded such benefits.  Defendant argues Plaintiff's allegations fail to state a claim upon which relief may be granted and, therefore, should be dismissed.  Upon review, the Court agrees with Defendant.

## II.
## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563.  In its place, courts must now look for "plausibility" in the complaint.  This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted).  Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted).  If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail.  In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted).  However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).  Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 1950.  If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)).  The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*[1]

### III.
### DISCUSSION

Initially, the Court finds that the December 29, 2006 Notice sent to Plaintiff informing him that he may be eligible for retroactive benefits was in no way an assurance that such benefits would be ultimately granted.  The Notice very clear provides it is a merely a invitation "to apply" for benefits, and the "Pension Fund does not know which participants might be eligible to receive the retroactive early retirement pension benefit." *Notice of Rights of Certain Eligible Participants to Apply for Retroactive Early Retirement Pension Benefits*, at 3.  The Notice provides that, if a participant meets all the conditions contained therein, then the participant "*may* qualify to receive retroactive pension benefits." *Id.* (italics added).  Even assuming for purposes of this motion to dismiss that Plaintiff meets all the criteria set forth in the Notice, there is simply nothing in the Notice which guarantees that his application for benefits will be approved.  Moreover, the Notice itself cannot confer benefits upon Plaintiff, and Plaintiff makes no allegation in his Complaint or in his arguments that the Notice modified the Plan.[2]  Thus, the Court finds as a matter of law that

---

[1]The Plan document, the letters and the Notice referred to in Plaintiff's Complaint were attached to the Complaint by Plaintiff and filed with this Court.  As those documents are central to Plaintiff's claims, the Court finds it is not required to convert Defendant's motion to dismiss into a motion for summary judgment. *Witthohn v. Federal Ins. Co.,* 164 Fed. Appx. 395, at *396 (4th Cir. 2006) (per curiam) (stating "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed" without converting a motion to dismiss into one for summary judgment) (citations omitted).

[2]The Fourth Circuit has held "that in order to be effective, any modification to a plan must (continued...)

-7-

Plaintiff cannot demonstrate he is entitled to *Heinz* benefits by virtue of the fact he may have met the criteria contained in the Notice. *See Complaint*, ¶ 19 (alleging he "is due *Heinz* benefits under the December 29, 2006 "Notice of Rights of Certain Eligible Participants to Apply for Retroactive Early Retirement Benefits").

      Turning next to whether Plaintiff is entitled to benefits under the Plan irrespective of the Notice, the Court observes he has not pointed to a single provision in the Plan which entitles him to benefits. Indeed, Plaintiff concedes in his Response brief that his claim for benefits "is not based upon the language in the Plan." *Memorandum of Law in Response to Defendant Boilermaker-Blacksmith National Trust's Motion to Dismiss*, at 2. Thus, Plaintiff has failed to state a claim under the terms of the Plan for benefits.

      Finally, Plaintiff alleges no facts in his Complaint that would allow him to collect benefits directly under the *Heinz* opinion itself. In paragraph 5, Plaintiff states he "has duly complied with all of the conditions necessary to receive *Heinz* benefits," but the remainder of his Complaint focuses on him meeting the criteria contained in the Notice to qualify for benefits. The Complaint is devoid of any facts suggesting the *Heinz* decision itself requires benefits be awarded. Indeed, Plaintiff's case is different than the facts of *Heinz.*

---

[2](...continued)

be implemented in conformity with the formal amendment procedures and must be in writing." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1009 (4th Cir. 1996) (internal quotation marks and citation omitted). "[I]nformal amendments to established ERISA plans are completely incapable of altering the specified terms of the plan's written coverage." *Id.* (citations omitted).

In *Heinz*, the participants had actually retired, were being paid early retirement benefits, and worked other jobs which allowed them to continue receiving their benefits under the Plan. 541 U.S. at 741.   Thereafter, the Plan was amended to expand the scope of forbidden employment, which resulted in the suspension of the participants' retirement benefits. *Id*.   The Supreme Court held that this amendment violated ERISA's anti-cutback rule. *Id*.

To the contrary, in this case, Plaintiff makes no allegation that he separated from service, and he does not challenge the Trustee's finding that he had not done so.   Indeed, in his Response brief, Plaintiff admits he continued working at his job without taking his early retirement. However, in his Response, he further states he was forced to keep working his job, because the job he "could have worked while receiving his pension was denied . . . [him] under a 1999 amendment to the Plan that expanded the scope of 'Prohibited Employment.'" *Memorandum of Law in Response to Defendant Boilermaker-Blacksmith National Trust's Motion to Dismiss*, at 8.   In considering this argument, the Court finds that, not only is Plaintiff's situation distinguishable from that in *Heinz*, but Plaintiff has not made any of these factual allegations in his Complaint.   There is nothing in the Complaint other than the bare legal conclusion that he "has duly complied with all of the conditions necessary to receive *Heinz* benefits." *Complaint*, at ¶ 5, in part.   This conclusory statement is simply insufficient to survive a motion to dismiss under *Twombly* and *Iqbal*.

**III.**
**CONCLUSION**

Accordingly, finding Plaintiff has failed to set forth plausible claims, the Court

**GRANTS** Defendant's Motion to Dismiss.[3]


The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to

counsel of record and any unrepresented parties.

ENTER:        August 23, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]The Court finds no merit to Plaintiff's argument that Defendant may not move to dismiss his action because he is permitted to bring an action under ERISA and Defendant informed him of this fact in his denial letter.  Likewise, the Court finds no merit to Plaintiff's *post hoc* rationale argument.

-10-